The next case call for oral argument is Pinkston v. Gibbons. Counsel, whenever you're ready, you may proceed. Your Honor, my name is Christina Crixi and I represent Mr. Pinkston. As a result of an automobile collision that he was in, a trial was had and judgment was entered on behalf of the defendant. Mr. Pinkston would believe that the trial court erred in failing to direct a verdict on the issues of liability and proximate cost. We believe that the evidence overwhelmingly favors the movement so that no contrary verdict could stand. With regard to the negligence issue, we would cite the testimony of the defendant that he was driving approximately 5 miles an hour in the left-hand lane of a road which had a speed limit of 40 miles an hour. He was lost and testified that he had turned on the wrong road. He was attempting to exit the road at approximately 5 miles an hour, slowly glided into the right-hand lane when he collided with approaching traffic. Mr. Gibbons pled guilty to a citation for improper lane usage and we believe that this evidence together so strongly favors a directed verdict on the issue of negligence that the judgment of the jury cannot stand and that the verdict should have been directed. On the issue of proximate cause, Dr. Partridge and Dr. Arias both testified that this car accident in which the plaintiff was a passenger both caused or exacerbated Mr. Pinkston's low back condition. Furthermore, comparisons with two MRIs predating the accident and then one taken several weeks after the accident showed a disc herniation compressing a nerve. Both of these physicians, while they did admit that Mr. Pinkston did suffer from a pre-existing condition, said that this car accident did aggravate, at least aggravate or exacerbate this condition. Therefore, proximate cause also should have been directed. It's based on this evidence that we would ask that you find that the trial court erred in failing to direct the verdict in this case. Thank you, counsel. Counsel? If it pleases the court, my name is Brian Smith. I represent the defendant in this case, Larry Gibbons. With respect to directed verdict on negligence, negligence is a jury question and only when the evidence is so clearly insufficient to establish due care that all reasonable minds must reach the same conclusion as directed verdict or it doesn't become a question of law. The mere fact that the defendant received a citation for improper lane usage is prima facie evidence of negligence. It's not negligence per se, and it is only one factor among many that a jury can use to determine whether the total conduct of the defendant was reasonable. Given the facts of the accident in this case, the undisputed facts are that the defendant's driving vehicle, the plaintiff was a passenger. They were lost. It was dark. It was raining. The defendant testified he was approximately 125 feet from his intended turn. He was in the left-hand lane, testified that he signaled, checked his rearview mirror, and proceeded to ease into the right lane when he was sideswiped by another vehicle. The plaintiff admitted that the defendant never lost control of his vehicle before, during, or after the sideswipe, and after the sideswipe, the defendant brought the vehicle to a complete stop on the median. Given all of these facts, it is not clearly insufficient to establish due care. All reasons in mind must reach the same conclusion. Can I ask you, from the jury verdict forms that were used in this case, can we tell why the jury ruled in your favor? I don't believe that the jury forms. To be honest with you, Judge, I haven't seen the jury forms. Okay. That's all right, then. The facts do not overwhelmingly make this a question of law with respect to negligence. It was properly before the jury, and the motion for a direct verdict was properly denied. With respect to proximate cause, the facts and evidence clearly demonstrate that there is a factual question. It is not all reasonable minds reaching the same conclusion. The two doctors referenced, Dr. Partridge and Dr. Arias, on cross-examination, both testified with respect to the plaintiff's prior injuries. He had two low back surgeries prior to this accident. And as early as 2003, a year and a half prior to the accident, the plaintiff was complaining of low back pain. But at that time, he had an MRI in 2003, and there was no herniated disc. Correct? There was no herniated disc. And then after the accident, there was a herniated disc. Correct. There was a herniated disc after the accident showed on an MRI. Dr. Arias, in cross-examination, testified with respect to causation of the disc herniation, testified that this gentleman, this plaintiff, had a weakened back, and disc herniations can appear spontaneously. So there was no medical evidence presented by the plaintiff that the herniated disc may have been a result of the accident? The plaintiff offered the evidence deposition of Dr. Arias. In direct examination, he testified with respect to causation on cross-examination. He equivocated, and he said that the low back systems, when asked in hypothetical questions, the low back symptoms that the plaintiff was complaining of after the accident were consistent with what they would have been prior to the accident. So with respect to causation, the cross-examination of Dr. Partridge, the cross-examination of Dr. Arias, clearly put this in the purview of the jury. So we would ask, based on the foregoing, that this court affirm the judgment of the circuit court. Thank you, counsel. Rebuttal? Briefly, I don't believe any reasonable mind could find for the defendant on the issue of negligence when he admitted that he was in a 40-mile-an-hour zone going 5 miles an hour, merging into oncoming traffic. I just don't see anything except speculation to say that that conduct was not negligent. Secondly, we have two doctors that say that this condition was at least exacerbated by the car accident. There is no other medical evidence in the record. So anything saying that he was not injured as a result of this accident, again, is speculation. The defendant's own testimony showed that he had pain, and he knew that, and he knew he intended to go to the hospital after this accident. Therefore, we would ask that this entry of judgment be reversed and remanded back to the trial court. Thank you, counsel. We appreciate the briefs and arguments of counsel, and we will take the case under advisement. Thank you.